**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**GERALD W. EDWARDS**                                                                                   **PLAINTIFF**

**V.                                  CASE NO. 1:14CV00109-BD**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                        DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gerald Edwards appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act.  For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.      Background**

On December 28, 2011, Mr. Edwards protectively filed for benefits due to obesity, sleep apnea, hypothyroidism, bad temper, and leg problems.  (Tr. 191)  Mr. Edwards's claims were denied initially and upon reconsideration.  At Mr. Edwards's request, an Administrative Law Judge ("ALJ") held a hearing on May 23, 2013 and heard testimony from Mr. Edwards, his step-father, and a vocational expert ("VE").  (Tr. 39-72)

The ALJ issued a decision on July 24, 2013, finding that Mr. Edwards was not disabled under the Act.  (Tr. 10-21)  On July 23, 2014, the Appeals Council denied Mr. Edwards's request for review, making the ALJ's decision the Commissioner's final decision.  (Tr. 1-3)

Mr. Edwards, who was thirty-four years old at the time of the hearing, has a GED, some college-level computer training, and past relevant work as a stocker, small parts assembler, fast food worker, and painter/helper. (Tr. 45, 65)

## II. Decision of the Administrative Law Judge[1]

The ALJ found that Mr. Edwards had not engaged in substantial gainful activity since December 1, 2009, and had the following severe impairments: hyperthyroidism with status post thyroid removal, obesity, and personality disorder. (Tr. 13) However, the ALJ found that Mr. Edwards did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13)

According to the ALJ, Mr. Edwards had the residual functional capacity ("RFC") to do light work, except that he could never climb ladders, ropes, and scaffolds; he could only occasionally climb ramps, climb stairs, balance, stoop, kneel, crouch, or crawl. He was limited to simple, routine, repetitive tasks where supervision is simple, direct, and concrete, and interpersonal contact is only incidental to the work performed. (Tr. 15) The VE testified that Mr. Edwards's past relevant work as a small parts assembler and

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g) and 20 C.F.R. § 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

fast food worker fit within the RFC set out by the ALJ. (Tr. 66) Accordingly, the ALJ determined that Mr. Edwards could perform his past relevant work and was not disabled.

### III. Analysis

#### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

#### B. Mr. Edwards's Arguments for Reversal

Mr. Edwards asserts that the Commissioner's decision should be reversed arguing that it is not supported by substantial evidence because the ALJ did not request a consultative physical examination. (Doc. entry #11) Mr. Edwards argues that a physical examination was necessary because he is "morbidly obese and complains of lower extremity joint problems and a problem standing or sitting for long." (*Id.*)

First, "[t]he regulations . . . do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment." *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989).  Importantly, Mr. Edwards's own testimony contradicted his allegations of pain.  Though he claims that he can sit, stand, or walk for only twenty minutes before he experiences pain, he informed the examining mental health doctor that he plays computer games for three to four hours at a time.  (Tr. 220-221, 362)  He also testified that he is able to vacuum and mop floors, but chooses not to.  (Tr. 55)  At a January 2012 examination, he rated his pain at a "3 or 4" out of 10.  (Tr. 360)  Additionally, it does not appear that Mr. Edwards sought regular treatment for his alleged leg pain or has attempted to lose weight, which would likely alleviate some of the issues.  He testified that he is 5'6" tall and has weighed over 300 pounds for years.  (Tr. 53)

Second, substantial evidence supported the ALJ's decision without a consultative physical exam.  A few examples:

1. Mr. Edwards has had his alleged impairments for many years, including while he was still working.  "[A] condition that was not disabling during working years and has not worsened cannot be used to prove present disability." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)

2. Mr. Edwards left his last job because he moved, not because he was unable to work.  (Tr. 359)

4

3.  Mr. Edwards has a history of not taking his medications as prescribed. (Tr. 52-53, 358) *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

4.  Mr. Edwards testified that when he takes his medications as prescribed, they control his impairments. (Tr. 52-53) It is well-settled that an "impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

5.  Mr. Edwards complained of sleep apnea, but testified that he was not currently being treated for sleep apnea. Additionally, he has not replaced his broken sleep apnea machine, although he testified that it helped his impairment. (Tr. 52)

6.  Mr. Edwards had not been actively involved in therapy for his alleged mental impairments since 2006 and had not been on antidepressants since 2010. (Tr. 358). His failure to seek regular medical treatment and take prescribed medications weigh against his credibility regarding the severity of his impairments. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

7.  At the hearing, there was testimony that Mr. Edwards did not have money for treatment, yet he smoked a half-pack of cigarettes a day. (Tr. 362) Smoking is an expensive, ongoing habit that can be considered when weighing Mr. Edwards's credibility. Additionally, it is a habit that directly exacerbates his medical conditions.

**IV.** **Conclusion**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, Mr. Edwards's appeal is DENIED, and the Clerk of Court is directed to close the case.

IT IS SO ORDERED, this 1st day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE